No. 80,192

In the Matter of BYRON E. ANDERSON, *Respondent*.
(956 P.2d 1330)

Opinion filed April 17, 1998.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was on the formal complaint for the petitioner.

There was no appearance by the respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Byron E. Anderson, of Wichita, an attorney admitted to the practice of law in Kansas.

A formal complaint filed by Deputy Disciplinary Administrator Marty M. Snyder alleged that the respondent violated the following Model Rules of Professional Conduct: MRPC 1.1 (1997 Kan. Ct. R. Annot. 268) (competence); MRPC 1.3 (1997 Kan. Ct. R. Annot. 276) (diligence); MRPC 1.4 (1997 Kan. Ct. R. Annot. 282) (communication); MRPC 1.16 (1997 Kan. Ct. R. Annot. 324) (declining or terminating representation); MRPC 3.2 (1997 Kan. Ct. R. Annot. 333) (expediting litigation); MRPC 3.4(c) (1997 Kan. Ct. R. Annot. 339) (fairness to opposing party and counsel); and MRPC 8.4(d) and (g) (1997 Kan. Ct. R. Annot. 366) (misconduct).

On September 17, 1997, a hearing was held before a panel of the Kansas Board for Discipline of Attorneys. The respondent appeared in person and pro se and the Disciplinary Administrator appeared by and through Marty M. Snyder.

Based upon evidence presented at the hearing, on November 4, 1997, the panel entered the followings findings of facts and conclusions of law.

## Finding of Facts

"2. Judge Vieux testified regarding the contract between Respondent and the Finney County Board of County Commissioners. Respondent was hired to represent indigent defendants in traffic, care and treatment, non felony criminal, civil

contempt, guardian ad litem, child in need of care and other juvenile cases. The contract covered the period from February 8, 1995 through December 31, 1996 and paid Respondent a set fee. Because Respondent repeatedly failed to timely provide journal entries, failed to appear in court or appeared unprepared, and failed to meet and talk to his clients, he was fired by the Board in June 1996. [Exhibits A, B, C and D] Judge Vieux also testified that he contacted the Impaired Lawyer Assistance Committee, and as a result Mr. Hampton of the committee met with Respondent. Thereafter Respondent entered the Valley Hope Center in Norton, Kansas in treatment for alcoholism.

"3. Having admitted the charges set forth in the Formal Complaint, Respondent testified he comes before the Panel with 'humility and deep regret.' He talked about his alcoholism and treatment for it, his family, his law practice and his present employment. Mr. Hampton described his first meeting with Respondent and the rapid manner in which Respondent admitted his alcoholism, began treatment and continues the program."

Based upon the above findings, the panel concluded:

"Respondent's conduct violates the [Model] Rules of Professional Conduct (MRPC) Sections 1.1, 1.3, 1.4, 1.16, 3.2, 3.4(c) and 8.4(d) and (g). The Panel finds by clear and convincing evidence that Respondent, while suffering from depression and alcoholism, did violate MRPC 1.1, 1.3, [and] 1.4 by neglecting his cases, failing to communicate with his clients, and failing to competently and diligently represent his clients: He came to court unprepared or missed scheduled court appearances completely, consulted with clients after he had been drinking alcohol, and failed to furnish numerous journal entries despite court orders to do so.

"Respondent's alcoholism not only prevented him from adequately representing his clients, but also from withdrawing his representation in a timely manner so that the clients could be better served by other counsel. This is clear and convincing evidence that Respondent has violated MRPC 1.16(a).

"Furthermore, Exhibit A contains several show cause orders addressing Respondent's failure to finalize journal entries. Respondent failed to comply with these orders. The Panel finds from this clear and convincing evidence that Respondent violated MRPC 3.2 by failing to expedite litigation and MRPC 3.4(c) by disobeying a court order.

"Finally, the Panel finds clear and convincing evidence supports our finding that Respondent's conduct while suffering from alcoholism reflected poorly on the legal profession and violated MRPC 8.4(d) and (g). [Exhibit A]"

The panel found the following aggravating and mitigating circumstances.

## Aggravating Circumstances

"c. Pattern of misconduct. and d. Multiple offenses. These are evident from the numerous journals Respondent left unprepared to date.

"h. Vulnerability of the victim. Respondent's clients were indigent and unable to readily change to another attorney's representation.

"i. Substantial experience in the practice of law. Respondent has sufficient experience to have been attentive to the duty to serve his client's interests."

### Mitigating Circumstances

"a. Absence of a prior disciplinary record. Respondent does not have a prior disciplinary record.

"b. Absence of a dishonest or selfish motive. Respondent's neglect was not the result of his dishonesty or selfishness, but rather [of] his disease.

"c. Personal or emotional problems if such misfortunes have contributed to violation of the code of professional responsibility. Respondent has accepted and continues treatment for his depression and alcoholism.

"e. The present and past attitude of the attorney as shown by his cooperation during the hearing and his full and free acknowledgement of the transgressions. As he has accepted treatment, so has Respondent cooperated with the Disciplinary Administrator's office.

"g. Previous good character and reputation. Respondent's testimony regarding his involvement in civic and church activities in the county beyond his law practice.

"i. Mental disability or chemical dependency including alcoholism or drug abuse when [1] there is medical evidence that the respondent is affected by a chemical dependency or mental disability; [2] the chemical dependence or mental disability caused the misconduct; [3] the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and [4] the recovery arrested the misconduct and recurrence of that misconduct is unlikely. Respondent is in recovery for his alcoholism.

"l. Remorse. Respondent appeared before the Panel with 'humility and deep regret.' "

Based upon the above proceedings, the panel recommended that the respondent be suspended from the practice of law for 1 year. The panel also recommended that in order for the respondent to return to the practice of law, he should first be required to bring his continuing legal education requirements up to date and, further, present evidence to the Disciplinary Administrator's office that he regularly attends Alcoholics Anonymous meetings and continues to abstain from alcohol. The panel further noted that the respondent should be commended for acknowledging his disease, rapidly accepting treatment, and continuing in his recovery program.

We conclude that the findings entered by the panel are established by the clear and convincing evidence presented, and we adopt the conclusions of the panel that the respondent violated the following provisions of the Model Rules of Professional Conduct: MRPC 1.1, MRPC 1.3, MRPC 3.4, MRPC 1.16, MRPC 3.2, MRPC 3.4(c), and MRPC 8.4(d) and (g). We also note that the respondent, having been notified of these proceedings, failed to appear before this court. Although the respondent communicated by letter indicating that he waived his appearance and would not be appearing before this court, nothing in our rules excuses the respondent's personal appearance before this court. In fact, his failure to appear constitutes a violation of Supreme Court Rule 212(d) (1997 Kan. Ct. R. Annot. 226).

Having considered the record herein, the report of the panel, and the circumstances shown by the respondent in mitigation of his conduct, together with aggravating circumstances, including the fact that the respondent failed to appear before this court, we conclude that the respondent should be indefinitely suspended from the practice of law in the State of Kansas.

IT IS THEREFORE ORDERED that Byron E. Anderson be and he is hereby indefinitely suspended from the practice of law in the State of Kansas, commencing on the date of this opinion.

IT IS FURTHER ORDERED that the respondent shall forthwith comply with Supreme Court Rule 218 (1997 Kan. Ct. R. Annot. 235) and pay the costs of this action and that this order be published in the official Kansas Reports.